IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BILLINGNETWORK PATENT, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **VISIONWEB HOLDINGS, L.L.C.,** <br><br> Defendant. | Case No.: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Billingnetwork Patent, Inc. ("BNP" or "Plaintiff") complains of Defendant VisionWeb Holdings, L.L.C. ("VisionWeb" or "Defendant") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Plaintiff Billingnetwork Patent, Inc. is a Florida corporation with a place of business at 440 North Wells Street, Suite 570, Chicago, Illinois 60654.

3. BNP is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,374,229, entitled "Integrated Internet Facilitated Billing, Data Processing and Communication System," which issued on April 16, 2002 (the "'229 Patent") (a true and correct copy is attached as Exhibit A).

4. BNP has the exclusive right to license and enforce the '229 Patent and to collect all damages for infringement. BNP also has standing to sue for infringement of the '229 Patent.

5. Upon information and belief, Defendant VisionWeb Holdings, L.L.C. is a Delaware corporation with its principal place of business at 6500 River Place Boulevard, Building 3, Suite 100, Austin, Texas 78730.

6. VisionWeb provides cloud-based practice management and billing services throughout the United States including Illinois and this judicial district.

## JURISDICTION AND VENUE

7. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

8. Defendant owns, operates and conducts business through its "Uprise" practice management system – which system is covered by at least Claim 1 of the '229 Patent – throughout the United States including Illinois and this judicial district.

9. VisionWeb is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois.

10. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,374,229

11. Plaintiff BNP realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

12. VisionWeb owns and operates the website www.startyouruprise.com and related URLs wherein VisionWeb provides its browser-based Uprise practice management system.

13. VisionWeb's Uprise practice management system includes one or more database servers.

14. VisionWeb provides a browser-based homepage accessible through the internet by subscribers of the Uprise practice management system.

15. VisionWeb provides a browser-based homepage that permits access to the one or more database servers to subscribers of the Uprise practice management system.

16. VisionWeb provides a browser-based homepage on which a subscriber must enter a Username and Password to obtain access to the user's account, thereby providing only secure access to the Uprise practice management system.

17. The Uprise practice management system includes a means for providing electronic transfer of billing and data entry forms to a subscriber.

18. The Uprise practice management system produces billing invoices/statements to clients/customers of the subscriber.

19. The Uprise practice management system provides a subscriber with a means to view and query data and billings information in the one or more database servers.

20. The Uprise practice management system includes a PC type computer electronically connected to the one or more database servers.

## CLAIM 1

21. The Uprise practice management system incorporates an integrated internet facilitated billing, data processing, and communication system, in accordance with the limitations of Claim 1 of the '229 Patent.

22. The Uprise practice management system performs each of the limitations of Claim 1 of the '229 Patent by incorporating:

(a) a database server and a home page of a website which provides access via an internet service provider (ISP) to said database server by a plurality of browser-based subscribers each of which have electronic access to said home page via a modem and the ISP;

(b) said home page providing only secure access by each browser-based subscriber to one of a plurality of subscriber areas within said system;

(c) means for providing electronic transfer of substantially only billing and data entry forms to the browser-based subscriber upon request, data entered on said forms, when electronically returned to a corresponding said subscriber area, then entered into said database server, said database server then, utilizing an appropriate application software thereon, producing billing invoices and statements to clients and customers for each corresponding browser-based subscriber;

(d) means for providing real time electronic viewing and query access of data and billings stored in said database server by each corresponding browser-based subscriber;

(e) a PC type computer electronically connected to said database server for controlling said forms as required and responding to queries entered by each browser-based subscriber.

23. Defendant through its Uprise practice management system has directly infringed and continues to directly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(a) by manufacturing, hosting, using, selling, licensing the use of, offering for sale and offering a license to use the Uprise practice management system.

24. Defendant VisionWeb's acts of infringement of the '229 Patent have injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement from SimplePractice, but, in no event less than a reasonable royalty.

25. In the event discovery reveals that Defendant knowingly engaged in any indirect infringement of the '229 Patent, BNP will seek leave to plead indirect infringement claims in addition to the direct infringement claims pled herein.

26. In the event VisionWeb continues its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '229 Patent, BNP will seek discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Billingnetwork Patent, Inc. respectfully requests that this Court enter judgment against Defendant VisionWeb Holdings, L.L.C. and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant;

B. An award of damages against Defendant adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

C. Such other relief that Plaintiff is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

- 6 -

Dated: September 9, 2016          Respectfully submitted,

*/s/ Timothy J. Haller*
Timothy J. Haller
HALLER LAW PLLC
The Monadnock Building
53 West Jackson Boulevard, Suite 1623
Chicago, IL 60604
Phone: (630) 336-4283
haller@haller-iplaw.com

Gabriel I. Opatken
NOBLE IP LLC
418 North Noble Street, Suite 4
Chicago, IL 60642
Phone: (773) 648-5433
gabriel@nobleipllc.com

***Attorneys for Plaintiff,
Billingnetwork Patent, Inc.***